UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - AMARILLO DIVISION

| | | |
|---|---|---|
| **MICHAEL FISHER** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE _____ |
| | § | |
| **JOEL RICHARDSON,** | § | **JURY TRIAL** |
| **TROY DUCHENEAUX,** | § | **DEMANDED** |
| **RANDALL COUNTY SHERIFF'S DEP'T** | § | |
| *Defendants.* | § | |

## ORIGINAL COMPLAINT

**COMES NOW** Plaintiff, MICHAEL FISHER to complain of his unlawful arrest and denial of due process against Randall County Sheriff's Department, Troy Ducheneaux, and Joel Richardson.

### I.   PARTIES AND SERVICE

1. Plaintiff Mike Fisher ("Fisher" or "Plaintiff") resides at 4410 Van Kriston Drive, Amarillo, Texas, and can be contacted through the undersigned.

2. Defendant Troy Ducheneaux ("Ducheneaux") is the former Randall County Fire Marshall and was present for the events at issue. He resides and may be served at 1111 E Loop 335 S. Amarillo, TX 79118.

3. Defendant Joel Richardson ("Richardson") is the former Sheriff of Randall County and was in office during the events at issue. He resides and may be served at 412 Foster Ln Canyon, Tx 79015-4215.

4. Defendant Randall County Sheriff's Department ("Sheriff's Office") may be

served at Civil Division, County Annex, 4320 S. Western St., Suite No. 10 Amarillo, TX 79109.

## II.  JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this suit because it arises under U.S. CONST. amend. XIV, § 1. "Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." 28 U.S.C. § 1331 (Fed. Question).

6. This action is brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 which provides redress to those deprived of civil rights under color of law under 28 U.S.C. § 1343(a)(3)(4) and § 1331.

7. The Court has authority to grant declaratory relief, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Remedies are available under 42 U.S.C. § 1983.

8. This Court has personal jurisdiction over the defendants, who reside in Randall County, where the events leading to this suit have all occurred.

9. Venue is proper in this District under 28 U.S.C. § 1391(B)(2), because all of the events giving rise to this claim occurred in this District and all property at issue is situated in this District.

10. Venue also lies under 28 U.S.C. § 1400(a), because defendants reside or may be found in this District.

## III.  FACTS

11. On August 2nd, 2019, Plaintiff called the Randall County Sheriff's Office, in the morning, to let them know that he would be burning fence panels that had been dumped on his property. Plaintiff informed the Sheriff's Office that he would begin the burn within an hour of making the call. They asked Plaintiff to call them back to let them know when the burn would start. He did so and confirmed with the Sheriff's Office that he was clear to begin. Plaintiff took measures to ensure the safety of the area and the availability of water for fire control.

12. Plaintiff set up sprinklers around the fire and had them running for over two hours before the fire was started.  He also placed cinder blocks around the fire pit and had several fire extinguishers available close by.  As the fire was burning, he noticed what appeared to be several unmarked police-type vehicles parked in the adjacent trailer park.  The vehicles stood out as Plaintiff had never seen them parked there before.  The vehicles appeared to have people in them facing the property.

13. Troy Ducheneaux, the county fire marshal at that time, accompanied by a Randall County Deputy Sheriff, arrived, parked his vehicle at Fisher's property, and came onto the property, which was clearly marked per state law specifications for no trespassing with purple stripes around the property, including the entrance.

14. Ducheneaux told Plaintiff that nothing could be legally burned on the

property. Plaintiff responded that he had permission from the Randall County Sheriff's Office to burn that day.

15. Before this incident, Plaintiff had sent a no trespass warning to all Randall County employees as he felt that he was being harassed on an earlier occasion when the City of Amarillo's Health department showed up with a search warrant to examine his septic system. Ducheneaux had also previously called plaintiff and asked if he could come inspect Plaintiff's business. Plaintiff told him that the business was in an unincorporated area of the county, outside the city limits and Plaintiff was under no requirements for any kind of permit or inspection to operate his business, so he refused the request. Plaintiff had also previously witnessed Ducheneaux drive slowly by his business through the adjacent trailer park.

16. Ducheneaux told Plaintiff that the fire needed to be put out. Plaintiff asked what law he had violated. Ducheneaux initially refused to provide any support for his claims. Plaintiff explained that if Ducheneaux would explain exactly what law he was violating, he would extinguish the fire.[1]

17. Ducheneaux then announced, "That's it, you're not cooperating, you are under arrest." Plaintiff asked the accompanying sheriff's deputy to cite or arrest Ducheneaux for trespassing on his property and advised him that the county had previously been notified with a trespass warning.

---

[1] Later, Ducheneaux claimed that Plaintiff was violating the Clean Air Act. Plaintiff asked him to show exactly what section was being violated, to which Ducheneaux replied, "Google it."

18. The sheriff's deputy did not arrest Ducheneaux. Plaintiff is unaware if Ducheneaux was ever cited for trespass.

19. Plaintiff overheard the deputy sheriff say that he was there to provide transport, as though Plaintiff's arrest was a foregone conclusion.

20. Ducheneaux arrested Plaintiff. He was booked into Randall County Jail and released after paying bail of $1,500. While he was jailed, his photograph was taken. This "mug shot" has been used to embarrass and defame him.

21. This remains the only time Plaintiff has been arrested in his entire life.

22. Randall County provides guidelines for its residents to abide by Clean Air Act requirements. Plaintiff followed the guidelines by contacting the Randall County Sheriff's Office in advance of starting the burn on his own property and receiving permission to begin. Plaintiff was attending to the fire and had the means to extinguish it if needed to hand.

23. The Randall County District Attorney opted against filing any kind of charge against Plaintiff on June 12, 2020, who apparently did not find sufficient evidence to proceed with a prosecution against Plaintiff.

24. Plaintiff understands that the Randall County Sheriff's Office acted with malice in order to punish him for a haunted house operation that Plaintiff operated against the wishes of Randall County authorities.

## IV. CLAIM – DEPRIVATION OF DUE PROCESS (42 USC § 1983)

25. Plaintiff seeks damages from Randall County and its agents for their failure to respect his constitutional rights under 42 U.S.C. § 1983, which provides a cause of action against a government's violations of due process and attorney fees.

26. Defendants violated Plaintiff's rights under the Fourth Amendment as applied to states through the Fourteenth Amendment against unlawful searches and seizures without a warrant based on probable cause.

27. Defendant was arrested and taken to jail under a pretense of violating the "Clean Air Act"; however, no warrant for his arrest was ever presented.

## V. CONDITIONS PRECEDENT

28. Plaintiff has satisfied all conditions precedent to bring this suit.

## VI. DAMAGES

29. Plaintiff was unlawfully jailed and the result of that jailing and release of his image following that arrest has caused reputational damages. Plaintiff considers the damages of his arrest to be no less than $100,000.

## VII. ATTORNEY'S FEES

30. Plaintiff seeks recovery of attorney's fees pursuant to 42 USC 1988.

## VIII. WAIVER OF IMMUNITY

31. Federal law waives government immunity for local governments who have deprived plaintiffs of their established constitutional rights.

## IX.  JURY TRIAL DEMANDED

32. Plaintiff requests a jury trial.

## X.  PRAYER

Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for their violations of federal law, including 42 USC § 1983 and § 1988:

a. Award Plaintiff damages of at least $1,000,000 for his unlawful arrest;
b. Reasonable and necessary attorney's fees;
c. Costs of court;
d. post-judgment interest at the lawful rate, and;
e. All other relief to which Plaintiff may be entitled in law and equity.

Respectfully submitted,

By: /s/Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094
515 E. Border St.  Arlington, TX  76010
Tel. (817) 709-3984; Fax. (817) 524-6686
Attorneys for Plaintiff