IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISON

| | | |
|---|---|---|
| MICHAEL FISHER,<br>    PLAINTIFF, | § § § § | |
| VS. | § | CIVIL ACTION NO. 2:21-cv-00147-Z-BR |
| JOEL RICHARDSON,<br>TROY DUCHENEAUX, AND<br>RANDALL COUNTY SHERIFF'S<br>DEP'T,<br>    DEFENDANTS | § § § § § § § | |

**DEFENDANT RANDALL COUNTY SHERIFF'S DEPARTMENT'S
MOTION TO DISMISS UNDER FRCP 12(b)(6) AND BRIEF IN SUPPORT**

TO HONORABLE UNITED STATES DISTRICE JUDGE:

COMES NOW DEFENDANT RANDALL COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as "Defendant"), one of the Defendants in the above-entitled and numbered cause, and files this motion to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted, as authorized by Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE, and its brief in support thereof and would respectfully show the Court as follows:

### I. INTRODUCTION

1. Plaintiff is Michael Fisher.

2. Defendants are Joel Richardson, Troy Ducheneaux, and Randall County Sheriff's Department.

3. In his Original Complaint, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Randall County Sheriff's Department.

4. Defendant Randall County Sheriff's Department is a non-jural entity that does not have the capacity to be sued.

5. For these reasons, the Court should dismiss Plaintiff's suit against Defendant Randall County Sheriff's Department.

## II. ARGUMENT AND AUTHORITIES

A.   Rule 12(b)(6) Standard

6. The court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not state factual allegations showing that the right to relief is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *cert. denied*, 552 U.S. 1182 (2008). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). While the allegations need not be overly detailed, a plaintiff's pleading must still provide grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

7. Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 662. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." *Id.*; FED. R. CIV. P. 8(a)(2). The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

B.     Plaintiff Has Brought Suit Against a Non-Jural Entity

8. Plaintiff has sued the Randall County Sheriff's Department. However, the Randall County Sheriff's Department is a law enforcement department of Randall County and lacks jural existence under Texas law.

9. A motion to dismiss claims against a non-jural entity for failure to state a claim is properly raised under Rule12(b)(6). *Halton v. Duplantis*, 3:12-CV-4274-B-BH, 2013 WL 1148758, at *1 (N.D. Tex. Mar. 1, 2013).

10. "A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-CV-679-B, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313014 (5th Cir. 1991). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *McGrew*, 2015 WL 3528236, at *6. The general rule is that law enforcement agencies are not separate governmental entities that can be sued. *Plemons v. Amos*, No. 2:03-CV-421-J, 2006 WL 1710415, at *7 (N.D. Tex. June 22, 2006).

11. In a similar setting, the Fifth Circuit dismissed an action against the Pasadena Police Department based upon its non-jural capacity. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991). The court reasoned that in order for a plaintiff to sue a city department, it must "enjoy a separate legal existence." *Id.* Furthermore, a political subdivision cannot pursue a suit on its own unless it is "a separate and distinct corporate entity." *See Kirby Lumber Corp. v. State of La. through Anacoco–Prairie State Game and Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961). Accordingly, the court held that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself. *Id.*

12. A plaintiff bears the burden of showing that a city or county has taken "explicit steps" to grant the law enforcement department with jural authority. If a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), *report and recommendation adopted*, No. 4:10-CV-240, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011).

13. In this case, Plaintiff has not alleged, and has failed to show, that the Randall County Sheriff's Department has been granted the power or capacity to engage in separate litigation. Thus, Plaintiff's suit seeks recovery from a legal entity that does not exist. *Darby*, 939 F.2d at 313-14; *Thrasher v. Fort Worth Police Department*, No. 4:20-CV350-SDJ-KPJ, 2020 WL 8484809 (E.D. Tex. Dec. 2020); (Rule 12(b)(6) dismissal of claim against Denton County Sheriff's Department); *Glass v. Bowie County Court Sys.*, 5:05-CV-220, 2006 WL 3759846, at *2 (E.D. Tex. Nov. 8, 2006) (Glass could not maintain a Section 1983 claim against the "Bowie County court system" and dismissal was proper based upon the pleadings). For these reasons, it is proper to dismiss Plaintiff's claims against the Randall County Sheriff's Department.

WHEREFORE, PREMISES CONSIDERED, DEFENDANT RANDALL COUNTY SHERIFF'S DEPARTMENT respectfully requests the Court to dismiss this suit for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.

Respectfully Submitted,

/s/ *Christopher B. Slayton*
CHRISTOPHER B. SLAYTON
Texas Bar No. 24033077
Ayik & Associates
1301 E. Collins Blvd., Suite 490
Richardson, TX 75081
Direct Telephone: (214) 200-2171
Facsimile: (214) 570-6262
E-mail : cslayton@travelers.com

ATTORNEYS FOR DEFENDANT RANDALL
COUNTY SHERIFF'S OFFICE

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of August, 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record through the Court's ECF filing system as follows:

| Warren Norred | ____ | Hand Delivery |
| Attorney at Law | ____ | Facsimile |
| 515 E. Border Street | ____ | Certified Mail, Return Receipt Requested |
| Arlington, TX  76010 | ____ | Receipted Commercial Delivery |
|  | ____ | Regular U.S. Mail |
| *Attorneys for Plaintiff Michael F* | _X_ | E-service |

/s/ *Christopher B. Slayton*
Christopher B. Slayton