IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF TEXAS - AMARILLO DIVISION

| | |
|---|---|
| MICHAEL FISHER,<br>  plaintiff, § § § | |
| v. § § § | 2:21-cv-00147-Z-BR |
| JOEL RICHARDSON, § § § | |
| TROY DUCHENEAUX, and § § § | |
| RANDALL COUNTY SHERIFF'S DEP'T § § § | |
|   defendants. | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff, MICHAEL FISHER to file this First Amended Complaint against Joel Richardson, Troy Ducheneaux, and Randall County, in which Plaintiffs dismiss the Randall County Sheriff's Department and add Randall County in its place. Plaintiff also herein includes a claim for violation of the Texas Open Meetings Act.

### I.   PARTIES AND SERVICE

II.   Plaintiff Mike Fisher ("Fisher" or "Plaintiff") resides at 4410 Van Kriston Dr, Amarillo, Texas, and can be contacted through the undersigned.

1.   Defendant Troy Ducheneaux ("Ducheneaux") is the former Randall County Fire Marshall and was present for the events at issue. He resides and may be served at 1111 E Loop 335 S. Amarillo, TX 79118.

2.   Defendant Joel Richardson ("Richardson") is the former Sheriff of Randall County and was in office during the events at issue. He resides and may be served at 412 Foster Ln Canyon, Tx 79015-4215.

3.   Newly added Defendant Randall County, under which the Sheriff's Department and Fire Marshall operates, may be served at 501 16th Street Suite 305, Canyon, Texas 79015.

### III.   JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this suit because it arises under U.S. CONST. amend. XIV, § 1. "Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." 28 U.S.C. § 1331 (Fed. Question).

5. This action is brought under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, which provides redress to those deprived of civil rights under color of law in federal district courts. 28 U.S.C. §§ 1331, 1343(a).

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' state claims because the claims are related to its constitutional claims within this Court's original jurisdiction and form part of the same case under Article III of the United States Constitution.

7. The Court has authority to grant declaratory relief, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Remedies are available under 42 U.S.C. § 1983.

8. This Court has personal jurisdiction over the defendants, who reside in Randall County, where the events leading to this suit have all occurred.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because the events giving rise to this claim occurred in this district and all property at issue is situated in this District.

10. Venue also lies under 28 U.S.C. § 1400(a), because defendants are in this District.

### IV.   FACTS

11. On August 2nd, 2019, Plaintiff called the Randall County Sheriff's Office in the morning to inform the office that he would be burning fence panels that had been dumped on his property. Plaintiff informed the Sheriff's Office that he would begin the burn within an hour of making the call. An agent of the Sheriff's Office asked Plaintiff to call back to let the Office know when the

burn would start. Plaintiff did so and confirmed with the Sheriff's Office that he was clear to begin. Plaintiff took measures to ensure the safety of the area and the availability of water for fire control.

12. Plaintiff set up sprinklers around the fire and had them running for over two hours before the fire was started. He also placed cinder blocks around the fire pit and had several fire extinguishers available close by. As the fire was burning, he noticed what appeared to be several unmarked police-type vehicles parked in the adjacent trailer park. The vehicles stood out as Plaintiff had never seen them parked there before. The vehicles appeared to have people in them facing the property.

13. Troy Ducheneaux, allegedly the Randal County Fire Marshal at that time, accompanied by a Randall County Deputy Sheriff arrived, parked his vehicle at Fisher's property, and came onto the property, which was clearly marked per state law specifications for no trespassing with purple stripes around the property, including the entrance.

14. Ducheneaux told Plaintiff that nothing could be legally burned on the property. Plaintiff responded that he had permission from the Randall County Sheriff's Office to burn that day.

15. Before this incident, Plaintiff had sent a "no trespass" warning to all Randall County employees as he felt that he was being harassed on an earlier occasion when the City of Amarillo's Health department showed up with a search warrant to examine his septic system. Ducheneaux had also previously called plaintiff and asked if he could come inspect Plaintiff's business. Plaintiff told him that the business was in an unincorporated area of the county, outside the city limits and Plaintiff was under no requirements for any kind of permit or inspection to operate his business, and refused the request. Plaintiff had also previously witnessed Ducheneaux drive slowly by his business through the adjacent trailer park.

16.     Ducheneaux told Plaintiff that the fire needed to be put out. Plaintiff asked what law he had violated. Ducheneaux initially refused to provide any support for his claims. Plaintiff explained that if Ducheneaux would explain exactly what law he was violating, he would extinguish the fire.[1]

17.     Ducheneaux then announced, "That's it, you're not cooperating, you are under arrest." Plaintiff asked the accompanying deputy to cite or arrest Ducheneaux for trespassing on his property and advised him that the county had previously been notified with a trespass warning.

18.     The sheriff's deputy did not arrest Ducheneaux. Plaintiff is unaware if Ducheneaux was ever cited for trespass.

19.     Plaintiff overheard the deputy sheriff say that he was there to provide transport, as though Plaintiff's arrest was a foregone conclusion.

20.     Ducheneaux arrested Plaintiff. He was booked into Randall County Jail and released after paying bail of $1,500. While he was jailed, his photograph was taken. This "mug shot" has been used to embarrass and defame him.

21.     This remains the only time Plaintiff has been arrested in his entire life.

22.     Randall County provides guidelines for its residents to abide by Clean Air Act requirements. Plaintiff followed the guidelines by contacting the Randall County Sheriff's Office in advance of starting the burn on his own property and receiving permission to begin. Plaintiff was attending to the fire and had the means to extinguish it if needed.

23.     The Randall County District Attorney dropped the case against Plaintiff on June 12, 2020.

24.     Since experiencing the described event and arrest, Plaintiff has learned that Randall County permits Ducheneaux to bully and harass people without exerting any proper control over his

---

[1] Later, Ducheneaux claimed that Plaintiff was violating the Clean Air Act. Plaintiff asked him to show exactly what section was being violated, to which Ducheneaux replied, "Google it."

actions. For example, Ducheneaux has cited one individual for public nuisance on property outside city limits and typically not subject to nuisance claims. (The county clerk stated that he had never seen such a citation.)

## V. CLAIM – DEPRIVATION OF DUE PROCESS (42 USC § 1983)

25. Plaintiff seeks damages from Randall County and its agents for their failure to respect his constitutional rights under 42 U.S.C. § 1983, which provides a cause of action against a government's violations of due process and attorney fees.

26. A fire marshal does not have unfettered authority to trespass on property to investigate any fire at all. Assuming that Ducheneaux is a proper fire marshal and has been properly employed and sworn, and has filed a bond, his authority allows him to investigate fires that destroy or damage property or cause injury. Tex. Gov't Code 352.013.

27. In the present case, Plaintiff called the Sheriff's Office and informed it of the planned burn, and nothing suggested that the fire was out of control or causing damage.

## VI. CLAIM – ILLEGAL SEARCH & SEIZURE (42 USC § 1983)

28. Similarly, Defendants violated Plaintiff's rights under the Fourth Amendment as applied to states through the Fourteenth Amendment against unlawful searches and seizures without a warrant based on probable cause.

29. Defendant was arrested and taken to jail under a pretense of violating the "Clean Air Act" though no warrant for his arrest was ever presented.

30. Defendant Randall County appears to have a practice or policy of allowing Ducheneaux to use his apparent authority as a permit to harass and bully selected targets.

31. The result of Ducheneaux's bullying, Plaintiff was arrested for no reason, falsely imprisoned for a time, and publicly defamed by the resulting events which tarred his reputation.

## VII. CLAIM – VIOLATION OF TEXAS OPEN MEETINGS ACT

32. The Texas Open Meetings Act (TOMA) requires that government meetings be open to the public. The provisions of TOMA are mandatory and liberally construed in favor of open government. *Toyah Ind. Sch. Dist. v. Pecos-Barstow Ind. Sch. Dist.*, 466 S.W.2d 377, 380 (Tex. Civ. App.--San Antonio 1971, no writ).

33. Any action taken by a governmental body in violation of the TOMA is voidable; a successful plaintiff is entitled to have unlawful actions reversed. *Ferris v. Texas Bd. of Chiropractic Examiners*, 808 S.W.2d 514, 1991 Tex. App. LEXIS 509 (Tex. App. Austin Mar. 6, 1991, writ denied); Tex. Gov't Code Ann. § 551.141.

34. The Texas Open Meetings act requires governmental entities to keep minutes or make a record of each meeting. *Id.* § 551.021.

35. Uder state law, a county fire marshal must be appointed by the county's commissioners court after taking the prescribed oath and posting a bond. Tex. Loc. Gov't Code Ann. § 352.012. Additionally, the Fire Marshal's term shall not exceed two years. *Id.* § 352.011.

36. Upon information and belief, Ducheneaux has served as the fire Marshal since 2017. Plaintiff is unaware of any record showing the appointment of Troy Ducheneaux by the Randal County Commissioners Court. There is also no record of any oath taken or bond posted by Ducheneaux. Further, Plaintiff is unaware of any record showing a re-appointment of Ducheneaux despite exceeding a term of two years.

37. If Ducheneaux was properly appointed by Defendant Randall County, then the absence of a record of such events is in violation of the Texas Open Meetings Act. If the events never took place, then Ducheneaux's actions as the purported fire marshal are unlawful and ultra vires. *See Luttrell v. El Paso County*, 555 S.W.3d 812, 837 (Tex. App.—El Paso 2018, no pet.).

38. Thus, if no record can be shown reflecting Ducheneaux's appointment, re-appointment, oath, and posted bond, Plaintiff's ask that Ducheneaux be removed from office.

## VIII.   CONDITIONS PRECEDENT

39. Plaintiff has satisfied all conditions precedent to bring this suit.

## IX.   DAMAGES

40. Plaintiff was unlawfully jailed and the result of that jailing and release of his image following that arrest has caused reputational damages. Plaintiff considers the damages of his arrest to be no less than $100,000.

## X.   ATTORNEY'S FEES

41. Plaintiff seeks recovery of attorney's fees pursuant to 42 USC 1988.

## XI.   WAIVER OF IMMUNITY

42. Federal law waives governmental immunity for local governments who have deprived plaintiffs of their established constitutional rights. The actions of Ducheneaux, which led to the deprivation of Plaintiff's constitutional rights, were the result of polices or customs of the county.

## XII.   PLAINTIFF REQUESTS A JURY TRIAL

43. Plaintiff requests a jury trial.

## XIII.   PRAYER

Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, for their violations of federal law, including 42 USC § 1983 and § 1988:

   a. Award Plaintiff damages of at least $100,000 for his unlawful arrest;
   b. Reasonable and necessary attorney's fees;
   c. Costs of court;
   d. post-judgment interest at the lawful rate, and;
   e. All other relief to which Plaintiff may be entitled in law and equity.

Respectfully submitted,

By: /s/Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094
515 E. Border St.  Arlington, TX  76010
Tel. (817) 709-3984; Fax. (817) 524-6686
Attorney for Plaintiff

**CERTIFICATE OF SERVICE** - I certify that this document was served on all parties seeking service in the instant case via the Court's e-file system on September 21, 2021.

*/s/ Warren V. Norred*
Warren V. Norred