IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISON

| | |
|---|---|
| MICHAEL FISHER, § | |
|     PLAINTIFF, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21- cv- 00147-Z-BR |
| § | |
| JOEL RICHARDSON, § | |
| TROY DUCHENEAUX, AND § | |
| RANDALL COUNTY SHERIFF'S § | |
| DEP'T, § | |
|     DEFENDANTS § | |

### FIRST AMENDED ANSWER OF DEFENDANTS
### JOEL RICHARDSON AND TROY DUCHENEAUX

TO HONORABLE UNITED STATES DISTRICE JUDGE:

COME NOW DEFENDANTS JOEL RICHARDSON AND TROY DUCHENEAUX, Defendants in the above-entitled and numbered cause and file this First Amended Answer to Plaintiff's First Amended Complaint, and would respectfully show the Court as follows:

**A.  ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

I.  PARTIES AND SERVICE

    1.  Defendant are without sufficient information to either admit or deny the allegations in Paragraph II. of Plaintiff's First Amended Complaint but assumes that Plaintiff has correctly identified himself and his address.

    2.  In response to Paragraph 1 of Plaintiff's First Amended Complaint, Defendants state that Troy Ducheneaux is the current Fire Marshal for the Randall County Fire Department, and the address listed by Plaintiff is the address for the Randall County Fire Department.

    3.  Defendants admit the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

4. Defendants admit that Randall County is located at the address listed. Otherwise, Defendants deny the remaining allegations.

III. JURISDICTION AND VENUE

5. Defendants admit that the Court has subject-matter jurisdiction over this suit as alleged in Paragraph 4 of Plaintiff's First Amended Complaint.

6. Defendants admit that Plaintiff has brought this suit under 42 U.S.C. § 1983 as alleged in Paragraph 5 of Plaintiff's First Amended Complaint. However, Defendant denies that Plaintiff is entitled to relief under the statute.

7. Defendants admit that the court has supplemental jurisdiction under 28 USC § 1367(a) as alleged in Paragraph 6 of Plaintiff's First Amended Complaint.

8. Defendants admit that this Court has authority to grant declaratory relief as alleged in Paragraph 7 of Plaintiff's First Amended Complaint. However, Defendant denies that Plaintiff has properly sought declaratory relief in this matter.

9. Defendants admit the allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

10. Defendants admit the allegations in Paragraph 9 of Plaintiff's First Amended Complaint.

11. Defendants admit the allegations in Paragraph 10 of Plaintiff's First Amended Complaint.

IV. Facts

12. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 11 as to what Plaintiff told the Randall County Sheriff's Office on the morning of August 2, 2019, or what the Randall County Sheriff's Office told Plaintiff. Defendants deny the remaining allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

13. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 12 as to whether or how long Plaintiff had sprinklers running or what vehicles Plaintiff

claims to have "seen" or "noticed." Defendants deny the remaining allegations in Paragraph 12 of Plaintiff's First Amended Complaint.

14. Defendant Ducheneaux admits that he came onto Plaintiff's property but denies that it was clearly marked per state law specifications for no trespassing. Defendants deny the remaining allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

15. Defendant Ducheneaux admits that Plaintiff informed him that dispatch had given him permission to burn. Defendants deny the remaining allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

16. Defendant Ducheneaux admits that he had contacted Plaintiff about inspecting Plaintiff's business. Defendants deny the remaining allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

17. Defendant Ducheneaux admits that he informed Plaintiff that the fire needed to be put out, and the Plaintiff asked what law he violated. Defendants deny the remaining allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

18. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 17 as to whether Plaintiff asked the Sheriff's deputy to cite or arrest Defendant. Defendants deny the remaining allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

19. Defendant Ducheneaux admits that he was not arrested or cited for trespass. Defendants are without sufficient information to either admit or deny what Plaintiff was aware of in that regard. Defendant deny the remaining allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

20. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 19 as to what Plaintiff overheard from the Sheriff's deputy or Plaintiff's speculation as

to why the Sheriff's deputy was there. Defendants deny the remaining allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

21. Defendant Ducheneaux admits that he arrested Plaintiff. Defendants are without sufficient information to either admit or deny the remaining allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

22. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

23. Defendants deny the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

24. Defendants are without sufficient information to either admit or deny the allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

V.   PLAINTIFF'S DEPRIVATION OF DUE PROCESS CLAIM

26. Defendants deny the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

27. Defendants deny the allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

28. Defendants deny the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

VI.  PLAINTIFF'S ILLEGAL SEARCH & SEIZURE CLAIM

29. Defendants deny the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

30. Defendants deny the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

31. Defendants deny the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

32. Defendants deny the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

VII. PLAINTIFF'S CLAIM FOR VIOLATION OF TEXAS OPEN MEETINGS ACT

33. Defendants deny the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

34. Defendants deny the allegations in Paragraph 33 of Plaintiff's First Amended Complaint.

35. Defendants deny the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

36. Defendants deny the allegations in Paragraph 35 of Plaintiff's First Amended Complaint.

37. Defendants deny the allegations in Paragraph 36 of Plaintiff's First Amended Complaint.

38. Defendants deny the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

39. Defendants deny the allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

## VII. CONDITIONS PRECEDENT

40. Defendant denies the allegations in Paragraph 39 of Plaintiff's First Amended Complaint.

## IX. PLAINTIFF'S ALLEGED DAMAGES

41. Defendant denies the allegations in Paragraph 40 of Plaintiff's First Amended Complaint.

## X. PLAINTIFF'S ATTORNEY'S FEES

42. Defendant denies the allegations in Paragraph 41 of Plaintiff's First Amended Complaint.

## XI. WAIVER OF IMMUNITY

43. Defendant denies the allegations in Paragraph 42 of Plaintiff's First Amended Complaint.

## XII. JURY TRIAL

44. Paragraph 43 does not require an admission or denial from this Defendant.

## XIII. PLAINTIFF'S PRAYER

Defendant denies the allegations in Plaintiff's Prayer of Plaintiff's First Amended Complaint.

## B. AFFIRMATIVE DEFENSES

1. Plaintiff's claims against the Defendants are barred by governmental, sovereign, qualified, and official immunity.

2. Defendants assert that Plaintiff was arrested on probable cause on the date in question. There is no cause of action for false arrest under Section 1983 unless the arresting officer lacked

probable cause. *See Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998); *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995), *cert. denied*, 519 U.S. 895 (1996). If there was probable cause for the arrest, a claim for false arrest is not viable. *See Sorenson*, 134 F.3d at 329.

3. Defendants affirmatively assert that Plaintiff's damages, if any, were proximately caused, solely or partially, by Plaintiff's own criminal actions.

4. Defendants were employed by the governmental unit of Randall County, Texas, and were acting in his official capacity. The alleged actions, if any, were made in good faith, without malice and/or performed in the reasonable belief that those actions were authorized by and in accord with existing law and authority.

5. Defendants hereby notify Plaintiff of their intention to seek recovery of attorney's fees pursuant to 42 U.S.C. §1988.

## C. **RELIEF REQUESTED**

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS JOEL RICHARDSON AND TROY DUCHENEAUX respectfully requests the following relief:

1. that Plaintiff take nothing from this lawsuit;

2. that Defendants recover their costs herein expended;

3. that Defendants have all other and further relief to which they are justly entitled, both at law and in equity.

Respectfully Submitted,

/s/ *Christopher B. Slayton*
CHRISTOPHER B. SLAYTON
Texas Bar No. 24033077
Ayik & Associates
1301 E. Collins Blvd., Suite 490
Richardson, TX 75081
Direct Telephone: (214) 200-2171
Facsimile: (214) 570-6262
E-mail : cslayton@travelers.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

This is to certify that on this 6th day of October, 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record through the Court's ECF filing system as follows:

| | |
|---|---|
| Warren Norred | ____ Hand Delivery |
| Attorney at Law | ____ Facsimile |
| 515 E. Border Street | ____ Certified Mail, Return Receipt Requested |
| Arlington, TX 76010 | ____ Receipted Commercial Delivery |
| | ____ Regular U.S. Mail |
| *Attorneys for Plaintiff Michael Fisher* | _X_ E-service |
| | ____ |

/s/ *Christopher B. Slayton*
Christopher B. Slayton