IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO

| | | |
|---|---|---|
| MIKE FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-147-BR |
| | § | |
| TROY DUCHENEAUX et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER REGARDING POTENTIAL DISCOVERY DISPUTES**

The purpose of this order is to inform all parties[1] of the Court's required procedures for any discovery disputes that may arise in this case. The Court expects the parties to make a serious attempt to resolve all discovery issues without court intervention; however, if those attempts prove unsuccessful, the parties shall strictly adhere to the procedures set forth below as well as any additional procedures outlined by the Court in the future. Failure to abide by this or any subsequent orders may result in the imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

If counsel for any party intends to file any type of motion related to discovery,[2] counsel shall first contact opposing counsel and they shall both engage in two, separate phone calls to meet and confer in good faith as to a possible resolution of the discovery issues. If the parties are still

---

[1] The requirements set out in this order apply to all case-related discovery, including that which involves non-parties (e.g., issues related to a request for a non-party deposition or for the non-party to produce documents). Counsel for any party that serves a discovery request upon a non-party shall also serve a copy of this order on counsel for the non-party or, if the non-party is not represented, on the non-party.

[2] This includes, but is not limited to, Motions to Compel, Motions for Protective Order, Motions to Quash, Motions to Stay Discovery, Motions to Conduct Discovery in Phases, and Motions to Strike, as related to both written and oral discovery materials, but does *not* include motions under *Daubert* and its progeny to exclude expert testimony based on an expert's qualifications and/or opinions.

experiencing any discovery issues that, after those two, separate good-faith efforts to meet and confer, they are unable to resolve, the parties may file a joint letter with the Court.

Counsel is to first contact the undersigned's chambers at 806-468-3832 to receive further instructions as to the requirements for such letter brief, but the parties shall generally be prepared to explain the dispute, including the nature of the discovery sought, attempts to obtain the discovery, and the response from the opposing party. Upon receipt, the Court will issue an order setting an in-person or telephonic conference to discuss the dispute. The parties must engage in this process of meet and confer and letter briefing before filing any discovery motion.

The meet and confer process shall not be used to circumvent the requirements for modification of the Court's Scheduling Order under Rule 16 of the Federal Rules of Civil Procedure or as a basis for requesting the Court's Scheduling Order be modified under Rule 16.

IT IS SO ORDERED.

ENTERED October 29, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE