IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO

| | | |
|---|---|---|
| MIKE FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-147-BR |
| | § | |
| TROY DUCHENEAUX et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER REGARDING MOTIONS FOR LEAVE
## TO FILE DOCUMENTS UNDER SEAL

The purpose of this order is to inform all parties of the undersigned's[1] required procedures for any motions for leave to file documents under seal. Under Local Rule 79.3, "[a] party may file under seal any document that a statute or rule requires or permits to be so filed," and "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." N.D. Tex. Civ. R. 79.3(a)–(b). Such motion may be filed under seal and must include the proposed sealed document as an exhibit. N.D. Tex. Civ. R. 79.3(c). If the Court grants the motion, then "the sealed document will be deemed filed as of the date of the order granting leave, or as otherwise specified by the presiding judge[.]" N.D. Tex. Civ. R. 79.3(c).

"Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit." *Blackwell v. C. R. Bard, Inc.*, No. 2:19-CV-180-Z, 2021 WL 1088439, at *1 (N.D. Tex. Mar. 22, 2021). Recently, the Fifth Circuit admonished district

---

[1] The parties are instructed to review any Standing Order of Reference entered in this case. If the presiding District Judge will be ruling on any motions connected to the documents required to be filed under seal, then the District Judge may have other requirements related to the sealing of documents and requests for leave to do so.

courts to remember "[j]udicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

The Fifth Circuit explained the two, distinct legal standards related to sealed documents in *Binh Hoa Le*:

> The first standard, requiring only good cause, applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies once a document is filed on the public record—when a document becomes a judicial record. Under both standards, the working presumption is that judicial records should not be sealed.

*Id.* at 418–19 (internal quotation marks, alterations, and citations omitted). The Fifth Circuit further explained that under the "stricter balancing test" for sealing records at the filing stage:

> judges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure. Sealings must be explained at a level of detail that will allow for this Court's review. And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing.

*Id.* at 419 (internal quotation marks, alterations, and citations omitted).

If leave is not first requested, anything filed under seal will be stricken and unfiled. If any party files a motion for leave to file under seal but fails to meet the appropriate standard set forth in *Binh Hoa Le*, the motion will be denied. Motions simply stating in broad terms that the party seeks to file a document(s) under seal pursuant to an agreement between the parties will be denied.

For the parties' information, the Court's electronic filing system only allows parties to file an entire document (including any attachments or exhibits) under seal **or** an entire document not under seal. As such, if a party wishes to file a document with multiple parts (*e.g.*, an appendix with several exhibits), and only some of those parts may be filed under seal, the party must file the sealed portions together and the non-sealed portions together.

For example, if a party wishes to file an appendix that has three sealed exhibits and three

non-sealed exhibits, that party must:

> 1. file part one of the appendix, with all the non-sealed exhibits, <u>not under seal</u> (*e.g.*, ECF 40 (Appendix, Part One Table of Contents), ECF 40-1 (first non-sealed exhibit), ECF 40-2 (second non-sealed exhibit), and ECF 40-3 (third non-sealed exhibit)); and
>
> 2. file a motion for leave to file documents under seal, a proposed order, and part two of the appendix, with all of the sealed exhibits, <u>under seal</u> (*e.g.*, ECF 41 (motion), ECF 41-1 (proposed order), ECF 41-2 (Appendix, Part Two Table of Contents), ECF 41-3 (first sealed exhibit), ECF 41-4 (second sealed exhibit), and ECF 41-5 (third sealed exhibit)).

Additionally, if a document (*e.g.*, Exhibit A in an appendix) cannot be sealed in full but rather only contains specific sections within the document that can be sealed, then the party must divide that document into multiple documents to ensure that only the portions of the document that must be sealed are filed under seal—or otherwise ensure that the entire document is not impermissibly filed under seal (*e.g.*, redacting[2] protected portions of the document prior to filing it in the public record and then separately filing an unredacted, sealed version of the document for the Court's review).

IT IS SO ORDERED.

ENTERED October 29, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that some redactions may be made without the party filing a motion for leave, because the redactions do not impact the substance of the requested relief. For example, a plaintiff may redact her social security number before filing a document in her appendix in support of her motion for summary judgment. Because she is not requesting the Court consider that information (*i.e.*, the social security number) when ruling on her motion for summary judgment, the plaintiff would not need to file a motion for leave to file an unredacted version of that document under seal.