IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISON

| | |
|---|---|
| MICHAEL FISHER,<br>    PLAINTIFF,<br><br>VS.<br><br>JOEL RICHARDSON,<br>TROY DUCHENEAUX, AND<br>RANDALL COUNTY,<br>    DEFENDANTS | § § § § § § § § § § § § § <br><br>CIVIL ACTION NO. 2:21- cv- 00147-BR |

### ORIGINAL ANSWER OF DEFENDANT RANDALL COUNTY

TO HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW RANDALL COUNTY (hereinafter referred to as "Defendant"), one of the Defendants in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's First Amended Complaint, and would respectfully show the Court as follows:

### A. ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

I.  PARTIES AND SERVICE

1.  Defendant is without sufficient information to either admit or deny the allegations in Paragraph II. of Plaintiff's First Amended Complaint but assumes that Plaintiff has correctly identified himself and his address.

2.  In response to Paragraph 1 of Plaintiff's First Amended Complaint, Defendant states that Troy Ducheneaux is the current Fire Marshal for the Randall County Fire Department, and the address listed by Plaintiff is the address for the Randall County Fire Department.

3.  Defendant admits the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

4. In response to Paragraph 3 of Plaintiff's First Amended Complaint, Defendant admits that Randall County is located at the address listed. Otherwise, Defendant denies the remaining allegations.

III. JURISDICTION AND VENUE

5. Defendant admits that the Court has subject-matter jurisdiction over this suit as alleged in Paragraph 4 of Plaintiff's First Amended Complaint.

6. Defendant admits that Plaintiff has brought this suit under 42 U.S.C. § 1983 as alleged in Paragraph 5 of Plaintiff's First Amended Complaint. However, Defendant denies that Plaintiff is entitled to relief under the statute.

7. Defendant admits that the court has supplemental jurisdiction under 28 USC § 1367(a) as alleged in Paragraph 6 of Plaintiff's First Amended Complaint.

8. Defendant admits that this Court has authority to grant declaratory relief as alleged in Paragraph 7 of Plaintiff's First Amended Complaint. However, Defendant denies that Plaintiff has properly sought declaratory relief in this matter.

9. Defendant admits the allegations in Paragraph 8 of Plaintiff's First Amended Complaint.

10. Defendant admits the allegations in Paragraph 9 of Plaintiff's First Amended Complaint.

11. Defendant admits the allegations in Paragraph 10 of Plaintiff's First Amended Complaint.

IV. Facts

12. Defendant admits that Plaintiff contacted the Randall County Sheriff's Office on the morning of August 2, 2019, to report that he would be doing some burning. Defendant denies that Plaintiff stated he would be burning fence panels that had been dumped on his property. Defendant admits that Randall County Sheriff's Office requested Plaintiff to call back to let it know when the

burn would begin. Defendant denies the remaining allegations in Paragraph 11 of Plaintiff's First Amended Complaint.

13. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 12 as to whether or how long Plaintiff had sprinklers running or what vehicles Plaintiff claims to have "seen" or "noticed." Defendant denies the remaining allegations in Paragraph 12 of Plaintiff's First Amended Complaint.

14. Defendant admits that Troy Ducheneaux and a deputy sheriff came onto Plaintiff's property but denies that the property was clearly marked per state law specifications for no trespassing. Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's First Amended Complaint.

15. Defendant admits that Plaintiff claimed he had been given permission to burn. Defendant denies the remaining allegations in Paragraph 14 of Plaintiff's First Amended Complaint.

16. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 15 as to the prior conversations between Plaintiff and Troy Ducheneaux or whether Plaintiff had previously seen Troy Ducheneaux drive slowly by his business. Defendant denies the remaining allegations in Paragraph 15 of Plaintiff's First Amended Complaint.

17. Defendant admits that Troy Ducheneaux informed Plaintiff that the fire needed to be put out, and the Plaintiff asked what law he violated. Defendant denies the remaining allegations in Paragraph 16 of Plaintiff's First Amended Complaint.

18. Defendant admits that Plaintiff requested that the deputy cite Troy Ducheneaux for trespassing. Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

19. Defendant admits that its deputy did not arrest Troy Ducheneaux. Defendant is without sufficient information to either admit or deny what Plaintiff was aware of in that regard. Defendant denies the remaining allegations in Paragraph 18 of Plaintiff's First Amended Complaint.

20. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 19 as to what Plaintiff believes he overheard from the Sheriff's deputy or Plaintiff's speculation as to why the Sheriff's deputy was there. Defendant denies the remaining allegations in Paragraph 19 of Plaintiff's First Amended Complaint.

21. Defendant admits that Troy Ducheneaux arrested Plaintiff and that Plaintiff was booked in to the Randall County Jail, had his picture taken, and was released upon paying bail of $1,500. Defendant denies the remaining allegations in Paragraph 20 of Plaintiff's First Amended Complaint.

22. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 21 of Plaintiff's First Amended Complaint.

23. Defendant denies the allegations in Paragraph 22 of Plaintiff's First Amended Complaint.

24. Defendant admits that the Randall County District Attorney elected not to proceed with the prosecution of Plaintiff. Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's First Amended Complaint.

25. Defendant denies the allegations in Paragraph 24 of Plaintiff's First Amended Complaint.

V.    PLAINTIFF'S DEPRIVATION OF DUE PROCESS CLAIM

26. Defendant denies the allegations in Paragraph 25 of Plaintiff's First Amended Complaint.

27. Defendant denies the allegations in Paragraph 26 of Plaintiff's First Amended Complaint.

28. Defendant denies the allegations in Paragraph 27 of Plaintiff's First Amended Complaint.

## VI. PLAINTIFF'S ILLEGAL SEARCH & SEIZURE CLAIM

29. Defendant denies the allegations in Paragraph 28 of Plaintiff's First Amended Complaint.

30. Defendant denies the allegations in Paragraph 29 of Plaintiff's First Amended Complaint.

31. Defendant denies the allegations in Paragraph 30 of Plaintiff's First Amended Complaint.

32. Defendant denies the allegations in Paragraph 31 of Plaintiff's First Amended Complaint.

## VII. PLAINTIFF'S CLAIM FOR VIOLATION OF TEXAS OPEN MEETINGS ACT

33. Defendant admits the allegations in Paragraph 32 of Plaintiff's First Amended Complaint.

34. Defendant admits the allegations in Paragraph 33 of Plaintiff's First Amended Complaint.

35. Defendant admits the allegations in Paragraph 34 of Plaintiff's First Amended Complaint.

36. Defendant admits the allegations in Paragraph 35 of Plaintiff's First Amended Complaint.

37. Defendant denies the allegations in Paragraph 36 of Plaintiff's First Amended Complaint.

38. Defendant denies the allegations in Paragraph 37 of Plaintiff's First Amended Complaint.

39. Defendant denies the allegations in Paragraph 38 of Plaintiff's First Amended Complaint.

## VII. CONDITIONS PRECEDENT

40. Defendant denies the allegations in Paragraph 39 of Plaintiff's First Amended Complaint.

## IX. PLAINTIFF'S ALLEGED DAMAGES

41. Defendant denies the allegations in Paragraph 40 of Plaintiff's First Amended Complaint.

## X. PLAINTIFF'S ATTORNEY'S FEES

42. Defendant denies the allegations in Paragraph 41 of Plaintiff's First Amended Complaint.

## XI. WAIVER OF IMMUNITY

43. Defendant denies the allegations in Paragraph 42 of Plaintiff's First Amended Complaint.

## XII. JURY TRIAL

44. Paragraph 43 does not require an admission or denial from this Defendant.

XIII.   PLAINTIFF'S PRAYER

Defendant denies the allegations in Plaintiff's Prayer of Plaintiff's First Amended Complaint and denies that Plaintiff is entitled to the relief sought.

## B. AFFIRMATIVE DEFENSES

1. Plaintiff's claims against the Defendant are barred by governmental, sovereign, qualified, and official immunity.

2. Defendant asserts that Plaintiff was arrested on probable cause on the date in question. There is no cause of action for false arrest under Section 1983 unless the arresting officer lacked probable cause. *See Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998); *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995), *cert. denied*, 519 U.S. 895 (1996). If there was probable cause for the arrest, a claim for false arrest is not viable. *See Sorenson*, 134 F.3d at 329.

3. Defendant affirmatively asserts that Plaintiff's damages, if any, were proximately caused, solely or partially, by Plaintiff's own criminal actions.

4. Defendant's agents and employees were employed by the governmental unit of Randall County, Texas, and were acting in his official capacity. The alleged actions, if any, were made in good faith, without malice and/or performed in the reasonable belief that those actions were authorized by and in accord with existing law and authority.

5. Defendant hereby notifies Plaintiff of its intention to seek recovery of attorney's fees pursuant to 42 U.S.C. §1988.

## C. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, DEFENDANT RANDALL COUNTY respectfully requests the following relief:

1. that Plaintiff take nothing from this lawsuit;

2. that Defendant recover its costs herein expended;

3. that Defendant have all other and further relief to which it is justly entitled, both at law and in equity.

Respectfully Submitted,

/s/ *Christopher B. Slayton*
CHRISTOPHER B. SLAYTON
Texas Bar No. 24033077
Ayik & Associates
1301 E. Collins Blvd., Suite 490
Richardson, TX 75081
Direct Telephone: (214) 200-2171
Facsimile: (214) 570-6262
E-mail : cslayton@travelers.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of December, 2021, a true and correct copy of the foregoing document was forwarded to all counsel of record through the Court's ECF filing system as follows:

| | |
|---|---|
| Warren Norred | ____ Hand Delivery |
| Attorney at Law | ____ Facsimile |
| 515 E. Border Street | ____ Certified Mail, Return Receipt Requested |
| Arlington, TX 76010 | ____ Receipted Commercial Delivery |
| | ____ Regular U.S. Mail |
| *Attorneys for Plaintiff Michael Fisher* | _X_ E-service |
| | ___ |

/s/ *Christopher B. Slayton*
Christopher B. Slayton